SABERS, Justice
(dissenting).
[¶ 24.] Consistent with my rationale expressed in State v. Schwartz, I dissent. 2004 SD 123, ¶¶ 58-69, 689 N.W.2d 430, 445-449 (Sabers, J., dissenting). Specifically, a person has an expectation of privacy in his garbage that society recognizes as reasonable. That is why people place their garbage in closed, opaque garbage bags inside closed garbage cans to be hauled to the dump, and not messed with. This is especially so where city ordinances direct how and where garbage will be placed for disposal and the police have no reasonable suspicion or probable cause.
[¶ 25.] People have an expectation of privacy in their garbage that society recognizes as reasonable. The ordinances required Stevens to leave the garbage container “in a location suitable and readily accessible for collection by the automated collection truck on the scheduled collection day.” Rapid City Ordinance 8.08, Garbage and Refuse. The garbage was collected by an “automated collection truck” not a person, leading one to believe no one would even touch his garbage before it was commingled at the city landfill.
[¶ 26.] There is no way, short of hauling the garbage yourself, that one can protect his or her garbage from potential search by the police.[5] In theory, Stevens could have stood on the curb with his garbage to prevent anyone from looking into it and waited until the automated collection truck picked it up. However, even in this scenario, his garbage would still have been susceptible to the search as the police were waiting to get the garbage after pickup.
[¶ 27.] At oral argument, the author of the plurality opinion stated, “I think we can all assume that each one of us might be offended personally [by someone going through our trash].” If each one of us has an expectation of privacy in their garbage, then logically society would recognize that right as reasonable. After all, society consists of individuals. By placing our garbage next to the curb we may be saying, “we do not want this anymore,” but we are not saying, “we do not care who sees it or goes through it.” Sometimes our garbage contains very private materials; materials that we do not want people to see and we expect these matters will remain private. See Schwartz, 2004 SD 123, ¶ 59, 689 N.W.2d at 445 (Sabers, J., dissenting) (“Information that may be gleaned from a household’s waste is so deeply personal that an average South Dakotan would be mortified to know that their local police or sheriffs department was examining its contents.”). Things such as prescription labels, credit card statements, saving and checking account balances, letters, the food we eat, the things we read, and so on. Many details of our lives can be gleaned from the contents of our garbage. Surely, society recognizes that it is reasonable to *351 have an expectation of privacy in the details of our lives discoverable in garbage.
[¶ 28.] Professor Anthony Amsterdam’s [6] definition of reasonable expectation of privacy has been adopted by several courts. He explains:
The ultimate question, plainly, is a value judgment. It is whether, if the particular form of surveillance practiced by the police is permitted to go unregulated by constitutional restraints, the amount of privacy and freedom remaining to citizens would be diminished to a compass inconsistent with the aims of a free and open society.
Stephen E. Henderson, Learning From All Fifty States: How to Apply the Fourth Amendment and its State Analogs to Protect Third Party Information From Unreasonable Search, 55 Cath U L Rev 373, 420-21 (quoting Anthony G. Amsterdam, Perspectives on the Fourth Amendment, 58 Minn L Rev 349, 403 (1974)). See also People v. Oates, 698 P.2d 811, 816 (Colo.1985) (en banc) (adopting Amsterdam’s formulation); State v. Hempele, 120 N.J. 182, 576 A.2d 793, 802 (N.J.1990) (same); State v. Nagel, 320 Or. 24, 880 P.2d 451, 454 (1994) (en banc) (same); State v. Morris, 165 Vt. 111, 680 A.2d 90, 93-94 (1996) (same); 1 Wayne R. LaFave, Search and Seizure § 2.1(d) (4th ed 2004) (same). Surely our rights and freedoms as citizens are diminished by allowing suspicionless trash searches.
[¶29.] Because Stevens had an expectation of privacy that society recognizes as reasonable, the search of this trash violated the Fourth Amendment and the trial court should be affirmed.
[¶ 30.] At the VERY LEAST, the police should have probable cause before rummaging through someone’s garbage. Under no circumstances should they be allowed to simply choose a neighborhood during garbage day and wander up and down the street to see what may or may not be happening. Under the plurality opinion, this is exactly what the police could do. The plurality opinion concludes that it is not enough to allow trash pulls when police have articulable suspicion but no warrant. Now, it permits trash searches where the officer has no suspicion whatsoever. The holding of this case vitiates the Fourth Amendment’s protection against unreasonable searches[7] and diminishes our rights “inconsistent with the aims of a free and open society.” Amsterdam, Perspectives on the Fourth Amendment, 58 Minn L Rev at 403.
[¶ 31.] During oral argument, much was made about the fact that no legislation had been enacted since Schwartz. That the Legislature has not yet acted is not the point. In several cases where the United States Supreme Court has found the expectation of privacy in question is not one society is willing to accept as reasonable, Congress has overruled that decision by enacting legislation protecting the privacy right. See Henderson, Learning From All Fifty States: How to Apply the Fourth Amendment and its State Analogs to Protect Third Party Information From Unreasonable Search, 55 Cath U L Rev at 374-75 (citing United States v. Miller, 425 U.S. 435, 437, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (no expectation of privacy in bank records); Right to Financial Privacy Act of 1978, 12 USC §§ 3401-3422 (2000), amended by 12 USCA §§ 3401-3422 (West Supp *352 2005); Smith v. Maryland, 442 U.S. 735, 745, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) (no privacy in dialed phone numbers); 18 USC §§ 3121-3127 (2000 & Supp 2002) (providing statutory protection for dialed phone numbers)). Therefore, at least in those cases, society recognized an expectation of privacy, even where the Court said one did not exist. One day, the Legislature may decide that the details of our private lives contained in our garbage should remain private and there is a societal expectation of privacy in our garbage. As indicated, that the Legislature has not yet acted does not mean society does not recognize the expectation of privacy as reasonable.
[¶ 32.] The plurality opinion places substantial reliance on the United States Supreme Court case of California v. Greenwood, which was decided in 1988. Reasonable expectation of privacy has advanced since then. I respectfully submit that the plurality opinion is placing itself in a position similar to those following the United States Supreme Court cases of Dred Scott and Plessy v. Ferguson, both of which were wrong when written. Dred Scott v. Sanford, 60 U.S. 393, 19 How. 393, 15 L.Ed. 691 (1856); Plessy, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896).
[¶ 33.] There is an objectively reasonable expectation of privacy in our garbage. The trial court properly suppressed the evidence and should be affirmed. Therefore, I dissent.
[¶ 34.] MEIERHENRY, Justice, joins this dissent.

. It is not clear that hauling one’s garbage is even an option. The ordinance says "the city shall be solely responsible for all residential garbage and trash collection.” Participation appears to be mandatory. At any rate, as argued in Schwartz, the city garbage collector is the agent of the homeowner, and the homeowner has a reasonable expectation of privacy to have the garbage hauled to the dump. 2004 SD 123, ¶ 67, 689 N.W.2d at 448.

. University Professor and Professor of Law, New York University School of Law.

. I realize that the plurality opinion concludes a trash puli is not a search under the Fourth Amendment. However, I contend the expectation of privacy in our garbage is one that society recognizes and does constitute a search.